# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ALABAMA ON BEHALF OF ONE OF ITS DIVISIONS, THE UNIVERSITY OF ALABAMA AT BIRMINGHAM and THE UAB RESEARCH FOUNDATION, <br><br> Plaintiffs, <br><br> vs. <br><br> MEDTRONIC, INC. <br><br> Defendant. | Case No. 2:14-cv-01799-AKK |

## REPORT OF THE PARTIES' RULE 26(f) MEETING

Pursuant to Federal Rule of Civil Procedure 26(f), a planning meeting was held on December 16, 2014. The following serves as a report of said meeting.

1.  **_Counsel in Attendance._** The meeting was attended by the following counsel:

    A.  <u>For the Plaintiffs</u>: Jay M. Ezelle and Cole R. Gresham, Starnes Davis Florie LLP, 100 Brookwood Place, 7th Floor, Birmingham, AL 35209.

    B.  <u>For the Defendant</u>: Audrey Brown, Lightfoot, Franklin & White, L.L.C, The Clark Building, 400 North 20th Street, Birmingham, AL

{B1892827}                                              1

35203; Amy Wigmore, Wilmer, Cutler, Pickering, Hale and Dorr LLP, 1875 Pennsylvania Avenue NW, Washington, DC 20006; and Kevin Yurkerwich, Wilmer, Cutler, Pickering, Hale and Dorr, 60 State Street, Boston, MA 02109.

2. **_Synopsis of Case._**   The Plaintiffs allege the Defendant's products, including the Cardioblate Gemini, Cardioblate BP2, and Cardioblate LP devices, have been and/or are infringing U.S. Patent No. 6,290,699 (the "'699 patent"), entitled "Ablation Tool for Forming Lesions in Body Tissue," that is owned by the Plaintiffs.  The Defendant denies these allegations, and has asserted counterclaims of non-infringement and invalidity.  The Counterclaim Defendants deny the allegations asserted in the counterclaims.

3. **_Initial Disclosures._**   The parties have agreed to meet to discuss the possibility of early settlement in January 2015. In order to facilitate that discussion, the parties have agreed to exchange the information required by Local Rule 26.1(a)(1) on Tuesday, February 17, 2015.

4. **_Discovery Planning._**   The parties jointly propose to the Court the following discovery plan:

   A.   **_Stipulations_**:

    i.    <u>Service of Discovery Requests</u>: To facilitate early settlement discussions, the parties have agreed to serve discovery requests, including but not limited to interrogatories, deposition notices, and requests for production, on Tuesday, February 17, 2015.

    ii.    <u>Electronic Discovery</u>: The parties agree to cooperate to the extent that electronically stored information ("ESI") is requested during pre-trial discovery, as required by Fed. R. Civ. P. 26(b)(1). The parties agree to submit a joint ESI protocol that will govern the search and production of ESI by Monday, March 2, 2015.

    iii.    The parties also agree that the disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business, and that such information be provided in the form(s) in which it is ordinarily maintained or in a reasonably usable form(s). The parties will take reasonable measures to preserve potentially discoverable data from alteration or destruction in the ordinary course of business.

B.    <u>Scheduling</u>:

    i.    All fact discovery will be completed by Tuesday, September 29, 2015. This discovery includes:

      (1)    Each side may serve a maximum of forty interrogatories.[1] Each side may serve a maximum of twenty-five requests for admissions. Responses to the foregoing will be due thirty days after service, unless extended by agreement of the parties or Order of the Court.

      (2)    Responses to all requests for production will be due thirty days after service, unless extended by agreement of the parties or Order of the Court.

      (3)    Based on the parties' representations about the number of necessary witnesses, the parties have agreed that each side will be limited to 10 depositions, subject to reasonable additions should discovery indicate that more depositions may be needed. Each deposition is limited to a maximum of 7 hours unless extended by agreement of the parties or order of the Court.

  ii.    The parties shall mutually exchange the claim terms they believe should be construed by the Court by no later than Monday, May 4, 2015. The parties shall mutually exchange

---

[1] For purposes of this report, an "interrogatory" shall include all discrete subparts.

        proposed constructions for claim terms by no later than June 1, 2015. The parties shall meet and confer to determine whether any claim construction disputes can be resolved and shall prepare a Joint Proposed Claims Construction Statement identifying any agreed upon claim constructions and any remaining disputed constructions by no later than Monday, June 22, 2015.

iii.    The opening claims construction brief shall be filed by Plaintiffs by Monday, August 3, 2015.

iv.    The responsive claims construction brief shall be filed by Defendant by Monday, August 24, 2015.

v.    The reply claims construction brief shall be filed by Plaintiff by Monday, September 14, 2015.

vi.    The party with the burden of proof (i.e., the Plaintiff with respect to alleged infringement, the Defendant with respect to alleged invalidity) shall produce all materials required by Fed. R. Civ. P. 26(a)(2) by Tuesday, October, 20, 2015.

vii.    The party that does not have the burden of proof (i.e., the Defendant with respect to alleged non-infringement and the Plaintiff with respect to alleged invalidity) shall produce all

    materials required by Fed. R. Civ. P. 26(a)(2) by Tuesday, November 17, 2015.

  viii. Reply expert reports shall be exchanged by no later than Monday, December 8, 2015.

  ix. All expert discovery shall be completed by Tuesday, January 26, 2016.

  x. All potentially dispositive motions shall be filed by Tuesday, February 9, 2016.

C. <u>Trial</u>:

  i. The case will be ready for trial by Monday, June 20, 2016.

  ii. The parties anticipate the case will take 7 days to try.

D. <u>Other Items</u>:

  i. The parties have agreed to participate in initial settlement discussions prior to serving the initial disclosures and discovery requests. At this point, the parties do not believe a mediator is necessary to facilitate those discussions.

  ii. The parties may move to join additional parties and amend the pleadings no later than May 18, 2015.

  iii. The parties shall jointly submit a pretrial order by no later than April 26, 2016.

      iv.      The final pre-trial conference is set for Tuesday, May 3, 2016.

      v.      Motions in limine should be filed by Friday, June 3, 2016.

Dated: January 15, 2015     Respectfully submitted,

                                    STARNES DAVIS FLORIE LLP

                                    By:   /s/ Cole R. Gresham_____
                                              Jay M. Ezelle
                                              Cole R. Gresham
                                              100 Brookwood Place, 7th Floor
                                              Birmingham, AL 35209
                                              Telephone: (205) 868-6042
                                              Facsimile: (205) 868-6099

                                    *Counsel for Plaintiffs*

Dated: January 15, 2015

Respectfully submitted,

LIGHTFOOT, FRANKLIN & WHITE, L.L.C.

By: /s/ Harlan I. Prater, IV (signed by permission)
Harlan I. Prater, IV
Audrey E. Brown
The Clark Building
400 North 20th Street
Birmingham, AL 35203
Telephone:  205-581-04700
Facsimile:  205-581-0799

– and –

William F. Lee
WILMER CUTLER PICKERING HALE & DORR LLP
60 State Street
Boston, MA 02109

Amy K. Wigmore
WILMER CUTLER PICKERING HALE & DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006

*Co-Counsel for Defendant*