IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ALABAMA ON BEHALF OF ONE OF ITS DIVISIONS, THE UNIVERSITY OF ALABAMA AT BIRMINGHAM; AND THE UAB RESEARCH FOUNDATION,<br><br>Plaintiffs,<br><br>vs.<br><br>MEDTRONIC, INC.,<br><br>Defendant. | CIVIL ACTION NO.<br>2:14-CV-01799-AKK |

## OPPOSITION TO DEFENDANT'S MOTION TO STAY

The Board of Trustees of the University of Alabama on behalf of one of its divisions, the University of Alabama at Birmingham and the UAB Research Foundation (collectively "UAB") respectfully offer the following opposition to the Defendant's Motion to Stay.

## DISCUSSION

**1. DEFENDANT'S MOTION TO STAY IS PREMATURE.**

Until the Patent Trial and Appeal Board ("PTAB") institutes Inter Partes Review ("IPR"), Defendant's Motion to Stay is premature, placing this Court in

{B1968956}

the position of deciding a motion based purely on speculative statistical arguments unrelated to the merits of this individual case. Courts unquestionably "have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a USPTO administrative proceeding." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). However, "a stay pending an administrative proceeding is not automatic; rather, it must be based upon *the circumstances of the individual case* before the court." *Automatic Mfg. Sys. v. Primera Tech. Inc.*, No. 6:12-cv-1727-Orl-37-37DAB, 2013 WL 1969247, * 1 (M.D. Fl. May 13, 2013) (emphasis added). "This is especially true when the Patent Office has yet to decide whether to institute IPR proceedings." *Aylus Networks, Inc. v. Apple, Inc.*, No. C-13-4700 EMC, 2014 WL 5809053, *1 (N.D. Cal. Nov. 6, 2014).

Defendant asks this Court to ignore the circumstances of this case—namely the fact that IPR has yet to be instituted—and instead rely on Defendant's assumption that the PTAB is "highly likely" to institute IPR "[b]ased on statistics." (Doc. 21, 1-2). Essentially, Defendant seeks "to stay this litigation based upon nothing more than the mere fact that it petitioned the PTAB to initiate an administrative proceeding." *Automatic Mfg. Sys. v. Primera Tech. Inc.*, 2013 WL 1969247, * 2-3 ("[I]t seems clear that a stay of a patent infringement action is not

warranted when based on nothing more than the fact that a petition for *inter partes* review was filed in the USPTO.").

Numerous courts have held the PTAB's failure to act on the defendant's petition dispositive of the question of whether to stay.[1] In fact, according to Federal Circuit Judge William C. Bryson, "the majority of courts that have addressed [stay requests pending inter partes review] have postponed ruling on stay requests or have denied requests when the PTAB has not yet acted on the petition for review."[2]

---

[1] *Trover Group, Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047, 2015 WL 1069179, *5-6 (E.D. Tex. March 11, 2015); *Straight Path IP Group, Inc. v. Vonage Holdings Corp.*, No. 14-502 (JLL), 2014 WL 4271633, *2-3 (D. N.J. Aug. 28, 2014); *Freeny v. Apple Inc.*, No. 2:13-cv-00361, 2014 WL 3611948, *1 (E.D. Tex. July, 22 2014) *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, No. 2:13-cv-655, 2014 WL 3736514, at *1 (E.D. Tex. July 29, 2014); *Automatic Mfg. Sys.*, 2013 WL 1969247, *2-3; *see CANVS Corp. v. Nivisys*, No. 2:14-cv-99-FtM, 2014 WL 6883123, *1 (M.D. Fla. Dec. 5, 2014) (stating that the court denied the motion to stay before the PTO decided whether to institute IPR); *CANVS Corp. v. FLIR Sys. Inc.*, No. 2:14-cv-180-FtM, *1 (M.D. Fla. Dec. 5, 2014) (stating that the court denied the motion to stay before the PTO decided whether to institute IPR); *Alps South LLC. V. The Ohio Willow Wood Co.*, No. 8:09-CV-386-T-EAK, 2011 WL 899627 (M.D. Fla. March 15, 2011) (stating that the court denied defendant's motion to stay prior to the Final Office Action by the PTO).

[2] *Trover Group, Inc.*, 2015 WL 1069179, *5-6 (citing in support *Card–Monroe Corp. v. Tuftco Corp.*, No. 1:14–cv–292 (E.D. Tenn. Feb. 19, 2015); *Aquatic AV, Inc. v. Magnadyne Corp.*, No C 14–1931 (N.D. Cal. Jan. 13, 2015); *In re Transdata, Inc. Smart Meters Patent Litig.*, No. 12–ml–2309 (W.D. Okla. Jan. 6, 2015); *Sage Electrochromics, Inc. v. View, Inc.*, No. 12–cv–6441, 2015 WL 66415 (N.D. Cal. Jan. 5, 2015); *Mimedx Grp., Inc. v. Tissue Transplant Tech., Ltd.*, No. SA–14–CA–719 (W.D. Tex. Jan. 5, 2015); *MyMedicalRecords, Inc. v. Jardogs, LLC*, No. 2:13–cv–3560 (C.D. Cal. Dec. 16, 2014); *Kerr Corp. v. Ultradent Prods., Inc.*, No. SACV 14–236 (C.D. Cal. Nov. 13, 2014); *Aylus Networks, Inc. v. Apple, Inc.*, No. C–13–4700, 2014 WL 5809053 (N.D. Cal. Nov. 6, 2014); *Skky, Inc. v. Manwin USA, Inc.*, Civil No. 13–2086 (D. Minn. Oct. 29, 2014); *Capella Photonics, Inc. v. Cisco Sys., Inc.*, No. C–14–3348 (N.D. Cal. Oct. 14, 2014); *RealD, Inc. v. MasterImage 3D, Inc.*, No. CV 14–2304 (C.D. Cal. Oct. 12, 2014); *Unwired Planet, LLC v. Square, Inc.*, No. 3:13–cv–579, 2014 WL 4966033 (D. Nev. Oct. 3, 2014); *CANVS Corp. v. United States*, 118 Fed. Cl. 587 (2014); *SCVNGR, Inc. v. eCharge Licensing, LLC*, No. 1312418, 2014 WL 4804738 (D. Mass. Sept. 25, 2014); *Fontem Ventures, B.V. v. NJOY, Inc.*, No. CV 14–1645 (C.D. Cal. Sept. 24, 2014); *Audatex N. Am. Inc. v. Mitchell Int'l Inc.*, No. 13–cv–1523, 2014 WL 4546796 (S.D. Cal. Sept. 11, 2014); *Straight Path IP Grp., Inc. v. Vonage Holdings Corp.*, Civil Action No. 14–502, 2014 WL 4271633 (D.N.J. Aug. 28,

Although courts within the Eleventh Circuit are not uniform in their decisions, several courts have followed the majority rule.[3] Indeed, two of the cases cited by Defendant to stand for the proposition that "numerous courts in this Circuit have granted stays . . . at the petition stage, before the IPR was instituted" actually denied the motion to stay at the petition stage. *CANVS Corp. v. FLIR Sys. Inc.*, No. 2:14-cv-180-FtM, *1 (M.D. Fla. Dec. 5, 2014); *Automatic Mfg. Sys.*, 2013 WL 1969247, *2-3. Instead, the cases cited involved *renewed* motions following the

---

2014); *Netlist, Inc. v. Smart Storage Sys., Inc.*, No. 13–cv–5889, 2014 WL 4145412 (N.D. Cal. Aug. 21, 2014); *Malibu Boats, LLC v. Nautique Boat Co.*, No. 3:13–cv–656, 2014 WL 3866155 (E.D. Tenn. Aug. 6, 2014); *CTP Innovations, LLC v. V.G. Reed & Sons, Inc.*, No. 3:14–cv–364 (W.D. Ky. July 17, 2014); *CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc.*, No. 13–cv–5669, 2014 WL 2854656 (S.D.N.Y. June 20, 2014); *Power Survey, LLC v. Premier Utility Servs., LLC*, No. 2:13–cv–5670 (D. N.J. June 4, 2014); *Segin Sys., Inc. v. Stewart Title Guar. Co.*, No. 2:13–cv–190, 2014 WL 1315968 (E.D. Va. Mar. 31, 2014); *Rensselaer Polytechnic v. Apple Inc.*, No. 1:13–cv–633, 2014 WL 201965 (N.D.N.Y. Jan. 15, 2014); *Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 13–cv–346, 2013 WL 6044407 (W.D. Wis. Nov. 14, 2013); *Dane Techs., Inc. v. Gatekeeper Sys., Inc.,* Civil No. 12–2730, 2013 WL 4483355 (D. Minn. Aug. 20, 2013); *Derma Scis., Inc. v. Manukamed Ltd.*, Civil Action No. 12–3388, 2013 WL 6096459 (D.N.J. July 18, 2013); *Benefit Funding Sys. LLC v. Advance Am. Cash Advance Ctrs. Inc.*, Civil Action No. 12–801, 2013 WL 3296230 (D. Del. June 28, 2013); *Davol, Inc. v. Atrium Med. Corp.*, Civil Action No. 12–958, 2013 WL 3013343 (D. Del. June 17, 2013); *Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, No. 6:12–cv–1727, 2013 WL 1969247 (M.D. Fla. May 13, 2013); *Tric Tools, Inc. v. TT Techs., Inc.*, No. 12–cv–3490, 2012 WL 5289409 (N.D. Cal. Oct. 25, 2012); *Trover Group., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *5 (E.D. Tex. Mar. 11, 2015)).

[3] *Automatic Mfg. Sys.*, 2013 WL 1969247, *2-3; *CANVS Corp. v. Nivisys*, No. 2:14-cv-99-FtM, 2014 WL 6883123, *1 (M.D. Fla. Dec. 5, 2014); *CANVS Corp. v. FLIR Sys. Inc.*, No. 2:14-cv-180-FtM, *1 (M.D. Fla. Dec. 5, 2014); *see also Cablz, Inc. v. Croakies, Inc.*, No. 2:14-cv-0126-SLB (N.D. Ala. March 23, 2015) Docket. No. 43 (issuing order granting defendant's motion to stay following institution of IPR. *But see Intellectual Ventures II LLC v. Suntrust Banks, Inc.*, No. 1:13-cv-02454-WSD, 2014 WL 5019911, *3 (N.D. Ga. Oct. 7 2014); *Intellectual Venture II LLC v. BBVA Compass Banschares.*, No. 2:13-cv-01106-AKK (ND. Ala. June 4, 2014) Docket No. 66; *Interface, Inc. v Tandus Flooring Inc.*, No. 4:13-cv-46-WSDl, 2013 WL 5945177, *5 (N.D. Ga. WL 4059886, *4 (M.D. Fla. Aug. 14, 2014); *Andersons, Inc. v. Enviro Granulation, LLC*,  No. 8:13-cv-3004-MAP, 2014 WL 4059886, *4 (M.D. Fla. Aug 14, 2014).

institution of IPR. *CANVS Corp. v. FLIR Sys. Inc.*, No. 2:14-cv-180-FtM, *1 (M.D. Fla. Dec. 5, 2014); *Automatic Mfg. Sys.*, 2013 WL 1969247, *2-3.

Furthermore, *Cablz, Inc. v. Croakies, Inc.*, a Northern District of Alabama case, emphasizes Federal Circuit and Eastern District of Texas case law which provide that while a decision to stay a case prior to the institution of IPR is not improper, "the case for a stay is stronger after post-grant review has been instituted." *Cablz, Inc. v. Croakies, Inc.*, No. 2:14-cv-0126-SLB, at *4-5. In *Cablz*, the defendant asked the court to stay litigation prior to the PTAB granting its petition for IPR. *Id.* at 2. Before the court issued the order staying the case, however, the PTAB instituted IPR. *Id.* Ultimately the court's order granting the motion to stay concludes that it found no circumstances that provide a reason to depart from the "general practice" of granting motions to stay *after* the PTAB has instituted inter partes review proceedings. *Id.* at 4-5 (citing *NFC Technology LLC v. HTC America, Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, (E.D. Tex. Mar. 11, 2015)).

Rather than confronting the obvious hurdle presented by this case law, the Defendant's Motion avoids the issue altogether by burying it under a mountain of generalized statistics regarding the institution and efficiency of IPR. Considering the substantial weight of authority against granting a motion to stay prior to the institution of IPR, Defendant's Motion to Stay is due to be denied as premature.

**2. THE THREE FACTORS ALSO WEIGH AGAINST GRANTING A STAY AT THIS TIME.**

    **A. The Early Stage of This Litigation Is Relevant, But Not Dispositive.**

While the Defendant is correct that this litigation is still in the early stage, progress has been made and continues to move forward. A date for trial has been set for June 20, 2016 and the early stages of discovery are taking form. However, even assuming this factor weighs in favor of a stay, that in and of itself is not dispositive. When looking at the analysis as a whole, the remaining factors clearly tilt the balance towards a denial of the Motion to Stay.

    **B. A Stay, at This Point, Would Not Simplify the Issues or Streamline the Issues.**

UAB recognizes that a written final decision resulting from a IPR might simplify the issues of this case; however, until the USPTO actually grants Defendant's petition for review, any possible benefits of IPR are speculative. In attempting to support its argument that a stay prior to institution of IPR will simplify the issues in this case, Defendant sets out numerous generalized statistics to show the high grant rate of all IPR petitions taken as a whole. The Court should not find such numerical data instructive. As stated by the court in *Trover Group, Inc. v. Dedicated Micros USA*, "[T]he overall statistics for the number of petitions that are reviewed and the number of claims that are invalidated are not especially enlightening as to the likely disposition of any particular patents or claims, *since*

*the likelihood of invalidation depends entirely on the particulars of the patents and claims in dispute*." 2015 WL 1069179 at *4 (emphasis added).

Federal Circuit Judge Bryson recently explained, "a stay *could* simplify the issues in this case and streamline the trial—or even obviate the need for a trial—but only if the PTAB grants the petition" for review. *Loyalty Conversion Sys.*, 2014 WL 3736514 at *2 (emphasis added). However, "[b]ecause it is speculative whether the PTAB will grant the petition, [the second] factor does not cut in favor of a stay." *Id.*

Furthermore, "The scope of the review is indeterminate until the USPTO's determination." *Id.* at *2. While Defendant has asked the PTAB to review all of the '699 patent's claims, there is no guarantee that PTAB will take up the review on any or all of the claims. As such, any determination that IPR will simplify the issues in this case is premature at this point. Thus, this factor does not favor a stay.

**C.   A Stay Will Unduly Prejudice the Plaintiffs and/or Place Plaintiffs in a Tactical Disadvantage.**

A stay here could delay the case for six months before the PTAB decides whether or not to take it up. If the PTAB denies Defendant's petition, the case will have been delayed for six months "with little to show." *Automatic Mfg.*, 2013 WL 1969247, at *3 (holding that "because a stay could delay these proceedings for at least six months with little to show, the Court finds that a stay would unduly

prejudice or present a clear tactical disadvantage to Plaintiff.").[4] Despite Defendant's claims to the contrary, time is of the essence to UAB. UAB brought this action within a reasonable time of discovering Defendant's infringement. Over time memories fade and evidence is lost. The longer discovery is delayed in this case, the more information will be lost and the more UAB will be prejudiced. Thus, contrary to Defendants' argument, staying the litigation pending the PTAB's decision will prejudice UAB, with no guarantee that the PTAB will ever weigh in on any of the issues at stake in this litigation.

## CONCLUSION

A substantial amount, if not a clear majority,[5] of the case law on the issue provides that it is premature to grant a stay before the PTAB has instituted IPR. Furthermore, because a petition does not shed much light on the potential scope of an inter partes review, and because a stay could delay these proceeding for at least six months with little to show, Defendant's Motion to Stay is due to be denied at this time.

---

[4] "If [the PTAB] chooses not to proceed, then this action will have been left languishing on the Court's docket with no discovery, no positioning of the parties claims construction, and no dispositive motions. Put simply, the parties will have been left no closer to trial in a type of case that requires 'early substantive disclosure' in order to efficiently manage discovery and pretrial motion practice." *Automatic Mfg. Sys.,* 2013 WL 1969247, at *3.

[5] *Trover Group, Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047, 2015 WL 1069179, *5-6 (E.D. Tex. March 11, 2015) (stating "the majority of courts that have addressed [stay requests pending inter partes review] have postponed ruling on stay requests or have denied requests when the PTAB has not yet acted on the petition for review.").

{B1968956}

DATED: June 1, 2015

                                           Respectfully submitted,

                                           /s/ Cole R. Gresham
                                           Walter William Bates (ASB-7202–e49w)
                                           Jay M. Ezelle (ASB-4744-Z72J)
                                           Cole R. Gresham (ASB-8993-L74G)
                                           STARNES DAVIS FLORIE LLP
                                           100 Brookwood Place, 7th Floor
                                           P. O. Box 598512
                                           Birmingham, AL 35259-8512
                                           *jme@starneslaw.com*
                                           *crg@starneslaw.com*
                                           **Attorneys for UAB**

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Harlan I. Prater, IV
Audrey E. Brown
LIGHTFOOT, FRANKLIN & WHITE
The Clark Building
400 North 20th Street
Birmingham, Alabama 3203

William F. Lee
WILMER CUTLER PICKERING HALE & DORR LLP
60 State Street
Boston, MA 02109
William.Lee@wilmerhale.com

Amy K. Wigmore
WILMER CUTLER PICKERING HALE & DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
Amy.Wigmore@wilmerhale.com

    /s/ Cole R. Gresham
Cole R. Gresham (ASB-8993-L74G)
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
P. O. Box 598512
Birmingham, AL 35259-8512
(205) 868-6000
crg@starneslaw.com